FILED
10/31/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2025 Session

## JOSEPH PETER MEERSMAN, JR. v. REGIONS MORGAN KEEGAN TRUST ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 23-0994-II      Anne C. Martin, Chancellor**

———————————————————

**No. M2024-00885-COA-R3-CV**

———————————————————

This appeal arises from the alleged mismanagement of two dissolved trusts established for the benefit of Joseph Peter Meersman, Jr. ("Plaintiff"). Plaintiff alleges, *inter alia*, that the defendant-trustees violated the trusts' terms by regularly encroaching on the trusts' corpus for unauthorized purposes, thereby exhausting the trusts' assets. The trial court granted the defendants' motions to dismiss for failure to state a claim based on the applicable statutes of limitations, and this appeal followed. We affirm the trial court's judgment in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

John Martin Drake, Sterretts, Alabama, for the appellant, Joseph Peter Meersman, Jr.

Lisa K. Helton and Alice Edythe Brading Haston, Nashville, Tennessee, for the appellees, Regions Morgan Keegan Trust, Melanie Cail, Melissa Cogar, Paul Gaddis, and Judy Stenson.

Ann Hogan Murphy and Lauren Paxton Roberts, Nashville, Tennessee, for the appellee, Michael Mario Castellarin.

## OPINION

Plaintiff was the beneficiary of two trusts: one created by Plaintiff's mother in 1958 and one created under the will of Plaintiff's mother in 1992. The trusts were to provide income for Plaintiff until he reached the age of 60, at which time one-half of the corpus would be distributed to him. The remaining half would be distributed to Plaintiff when he reached the age of 65. But the trust documents allowed the trustees to encroach on the corpus before then for certain purposes.

Regions Morgan Keegan Trust served as trustee of the trusts until February 2011, when it voluntarily resigned with court approval and was replaced by Nashville attorney Michael M. Castellarin. Thereafter, Regions continued in its role as the trusts' asset manager.

During their tenures, both Regions and Mr. Castellarin encroached on the trusts' corpus for various purposes, including the payment of Plaintiff's living expenses and his purchase of real estate. By the end of 2014, however, the trusts were all but exhausted. Thus, in September 2015, the Probate Court for Davidson County approved Mr. Castellarin's final accounting and terminated the trusts.

In May 2015, Plaintiff, *pro se*, commenced an action for breach of fiduciary duty against Regions in the Circuit Court for Davidson County. And in March 2016, Plaintiff amended his complaint to add four defendants: Mr. Castellarin and former Regions employees Judy Stenson, Melanie Cail, and Paul Gaddis. Then, in June 2017, Plaintiff amended again the complaint to allege twelve causes of action: (1) elder financial abuse; (2) breach of fiduciary duty; (3) fraud; (4) constructive fraud; (5) constructive trust; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) declaratory relief; (9) accounting; (10) conspiracy; (11) negligence; and (12) failure to discharge mandatory duty. Plaintiff did not, however, obtain service of process on any of the defendants, and the Circuit Court dismissed the action without prejudice in September 2017. *See Meersman, Jr. v. Regions Morgan Keegan Trust*, No. 15C1861, 2017 WL 10591526, at *1 (Tenn. Cir. Ct. Sep. 05, 2017). This court affirmed the judgment, *see Meersman v. Regions Morgan Keegan Tr.*, No. M2017-02043-COA-R3-CV, 2018 WL 4896660 (Tenn. Ct. App. Oct. 9, 2018), and the Tennessee Supreme Court denied Plaintiff's application for permission to appeal on February 20, 2019, *see* Order, *Meersman Jr. v. Regions Morgan Keegan Trust*, No. M2017-02043-SC-R11-CV (Feb. 20, 2019), available at https://perma.cc/27VS-RHJ7.

One year and a day later, on February 21, 2020, Plaintiff, *pro se*, commenced an action in the United States District Court for Middle Tennessee. *See Meersman v. Regions Morgan Keegan Tr.*, No. 3:20-CV-00154, 2020 WL 2319785 (M.D. Tenn. May 11, 2020). The complaint alleged the same twelve claims against the same defendants plus Regions investment manager Melissa Cogar. But that suit was dismissed in December 2021 for lack of subject matter jurisdiction.[1]

---

[1] The District Court initially dismissed Plaintiff's claims as untimely, but the Sixth Circuit Court of Appeals vacated the District Court's decision and remanded for dismissal for lack of subject matter jurisdiction. *See Meersman v. Regions Morgan Keegan Tr.*, No. 20-6359, 2021 U.S. App. LEXIS 34770 (6th Cir. Nov. 22, 2021) (Westlaw citation unavailable).

One month later, in January 2022, Plaintiff, *pro se*, commenced a third action in the Circuit Court of Davidson County by filing a complaint against Regions, Gaddis, Stenson, Cail, and Cogar (collectively, "the Regions Defendants") and Mr. Castellarin. Plaintiff alleged the same twelve claims as before, plus a claim for promissory estoppel. But Plaintiff voluntarily dismissed that action in July 2022.

One year after that, in July 2023, Plaintiff, *pro se*, commenced this action in the Chancery Court for Davidson County against the Regions Defendants and Mr. Castellarin. Plaintiff alleged the same thirteen causes of action as in the 2022 circuit court action plus claims for breach of contract, violation of the Tennessee Uniform Prudent Investor Act ("the TUPIA"), and violation of the Tennessee Consumer Protection Act ("the TCPA").

The Regions Defendants and Mr. Castellarin then filed motions to dismiss based on the applicable statutes of limitations. Plaintiff opposed the motions, arguing, *inter alia*, that there were disputed issues of material fact as to when he discovered his injuries. Plaintiff also claimed that all limitations periods were tolled due to fraudulent concealment.

During a hearing on Mr. Castellarin's Motion to Dismiss, Plaintiff—now represented by counsel—moved for leave to amend the Complaint. Before the court ruled on the motion, Plaintiff filed his proposed Amended Complaint in which he alleged only three claims: (1) breach of contract; (2) conspiracy; and (3) "waste and failure to act in good faith." Plaintiff averred that these claims were timely because they were subject to the 10-year statute of limitation for claims "against a public trustee on bond" in Tennessee Code Annotated § 28-3-110(a)(1).

The trial court denied Plaintiff's Motion for Leave to Amend and granted the defendants' motions to dismiss. The court found that the TCPA was subject to a five-year statute of limitations; the breach of contract and promissory estoppel claims were subject to a six-year statute of limitations; and the remaining claims were subject to a one- or three-year statute of limitations. The court further found that all claims against the Regions Defendants accrued when Regions was replaced as trustee in February 2011, and that all claims against Mr. Castellarin accrued when the trusts were terminated in September 2015. Thus, the court concluded that the claims against Regions expired—at latest—by February 2017 and that the claims against Mr. Castellarin expired—at latest—by September 2021.

The trial court also held that Plaintiff could not rely on both the one-year savings statute in Tennessee Code Annotated § 28-1-115, which applies to actions filed in federal court and dismissed for lack of jurisdiction, and the one-year general savings statute in Tennessee Code Annotated § 28-1-105. Thus, even if some of Plaintiff's claims were still viable when he filed his 2020 complaint in the District Court, Plaintiff could not use § 28-1-115 to refile his claims in the Circuit Court in 2022 and then use § 28-1-105 to refile his claims in this action in 2023. Regarding the Motion for Leave to Amend, the trial court held that, "since the claims are time-barred, any such amendment would be futile."

Plaintiff then filed a motion to alter or amend the denial of his Motion for Leave to Amend, which the trial court denied. This appeal followed.

## ISSUES

Plaintiff raises eight issues on appeal. We consolidate and restate the dispositive issues as follows:

(1) Whether the three-year statute of limitations for breach of trust in the Tennessee Uniform Trust Code ("TUTC") applies to Plaintiff's claims arising from Regions' conduct as the trusts' asset manager between 2011 and 2015.

(2) Whether the doctrine of fraudulent concealment, the discovery rule, and Plaintiff's incapacity tolled the accrual of his claims for "breach of contract."

(3) Whether Plaintiff's amended claims would have been subject to the ten-year statute of limitations in Tennessee Code Annotated § 28-3-110(a)(1) for claims against public officers on their bonds.

For their part, the Regions Defendants and Mr. Castellarin assert that this appeal is frivolous and ask for an award of their appellate attorney's fees and expenses under Tennessee Code Annotated § 27-1-122.

## STANDARD OF REVIEW

Whether a claim is barred by the statute of limitations is a question of law that we review de novo with no presumption of correctness. *See Owens v. Truckstops of Am.*, 915 S.W.2d 420, 424 (Tenn. 1996).

## ANALYSIS

### I. APPLICATION OF TUTC TO REGIONS[2]

The trial court held that the TUTC's three-year statute of limitations for breach of trust applied to Plaintiff's claims against Regions for breach of fiduciary duty, negligence,

---

[2] In his reply to Mr. Castellarin's appellate brief, Plaintiff argues that Mr. Castellarin acted as his conservator and that Mr. Castellarin's actions as conservator fall outside the TUTC. Plaintiff also argues that the TUTC did not apply to his claim against Mr. Castellarin for civil conspiracy. We decline to address these arguments because Plaintiff did not raise them in his initial appellate brief. *See Caruthers v. State*, 814 S.W.2d 64, 69 (Tenn. Crim. App. 1991) (raising new arguments in a reply brief "would be fundamentally unfair as the appellee may not respond to a reply brief").

failure to discharge mandatory duty, accounting, declaratory relief, and violation of the TUPIA. Plaintiff does not dispute this finding to the extent that it applies to Regions' conduct as trustee prior to 2011. But Plaintiff contends that the TUTC does not apply to Regions' conduct as the trusts' "asset manager" between 2011 and 2015.

"[W]hen a complaint alleges more than one claim[,] . . . a court must identify the gravamen of each claim alleged to determine the applicable statute of limitations. Identifying the gravamen of a claim requires a court to consider both the legal basis of the claim and the injury for which damages are sought." *Benz-Elliott v. Barrett Enters., LP*, 456 S.W.3d 140, 141 (Tenn. 2015).

Plaintiff's Complaint—filed *pro se*—is a long, meandering string of paragraphs that are at points incomprehensible. But the Complaint makes clear that all claims—no matter how denominated—stem from Regions and Mr. Castellarin's alleged dereliction of their duties under the trust agreements. For example, Plaintiff avers that "[t]he central issue in this case" is the interpretation of the trust documents and that "Regions Bank from 2001 to 2010 and [Mr. Castellarin] from 2011–2015 continuously applied a broader interpretation to the extreme of the trust's language and implied meaning." Stated another way in the Complaint:

> The issues disputed in this case involve the impropriety and misfeasance with which plaintiff avers that Regions Bank trustees materially breached its contract with the settlor and plaintiff as a third-party beneficiary by the application of the term 'encroach to exhaustion' **whereby trustees mismanaged and depleted the corpus of two trusts**, including plaintiff's personal trust, in a short period of time of less than seven years.

(Emphasis added). The Complaint does not, however, allege a legal basis for claims against Regions as the trusts' "asset manager."

Considering both the legal basis of Plaintiff's allegations and his alleged injury, we conclude that the gravamen of Plaintiff's allegations is a claim for breach of trust. *See* Tenn. Code Ann. § 35-15-1001(a) ("A violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust."). Thus, we agree with the trial court that the TUTC's statute of limitations applies to Plaintiff's claims against Regions for breach of fiduciary duty, negligence, failure to discharge mandatory duty, accounting, declaratory relief, and violation of the TUPIA.

## II. BREACH OF CONTRACT CLAIM

The trial court held that Plaintiff's claim against Regions for "breach of contract" was subject to the six-year statute of limitations in Tennessee Code Annotated § 28-3-109(a)(3) and that the claim accrued in February 2011 when Regions was removed as trustee. But Plaintiff contends that the accrual of his claim was tolled until some time in

2018 under the discovery rule. In the alternative, Plaintiff asserts that the accrual of his claim was tolled until March 2016 under the doctrine of fraudulent concealment and due to his incapacity between the years of 2010 and 2016. Plaintiff also contends that the trial court misapplied the savings statute.

"In reviewing a dismissal based on expiration of the statute of limitations, we must consider three elements—the length of the limitations period, the accrual of the cause of action, and the applicability of any tolling doctrines." *Woodruff by & through Cockrell v. Walker*, 542 S.W.3d 486, 494 (Tenn. Ct. App. 2017) (citing *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012)). As stated, to determine the applicable statute of limitations, we must identify the gravamen of the claim. *Benz-Elliott v. Barrett Enters., LP*, 456 S.W.3d 140, 141 (Tenn. 2015).

After a careful review of the Complaint, we conclude that the gravamen of Plaintiff's claim for "breach of contract" is a claim for breach of trust. The only contractual obligations alleged in the Complaint are the trustees' obligations to Plaintiff under the trust documents. "A violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." Tenn. Code Ann. § 35-15-1001(a).

Claims for breach of trust are governed by the TUTC, which has a one- or three-year limitation period, depending on whether the trustee provided a report that adequately disclosed facts indicating a potential claim. *See* Tenn. Code Ann. § 35-15-1005(a), (c); *Meyers v. First Tennessee Bank, N.A.*, 503 S.W.3d 365, 376 (Tenn. Ct. App. 2016). The TUTC's three-year limitation period begins to run after the first to occur of "[t]he removal, resignation, or death of the trustee, former trustee, trust advisor, or trust protector"; [t]he termination of the beneficiary's interest in the trust"; or "[t]he termination of the trust." Tenn. Code Ann. § 35-15-1005(c). In other words, a claim for breach of trust expires—at latest—three years from the trust's termination. Here, the trusts were terminated in September 2015. Thus, unless a tolling doctrine applies, any claim for breach of trust expired, at the latest, in September 2018.

On that note, Plaintiff contends that the accrual of his "breach of contract" claim was tolled by fraudulent concealment, the discovery rule, and his incapacity. But the discovery rule does not apply to claims for breach of trust because the TUTC expressly identifies the events that trigger the limitations periods. *See Meyers v. First Tennessee Bank, N.A.*, 503 S.W.3d 365, 377 (Tenn. Ct. App. 2016) ("According to its plain language, the statute and the general discovery rule prescribe conflicting events to trigger the running of a statute of limitations. As a result of that conflict, the general discovery rule must give way to the statutory scheme."). And assuming *arguendo* that Plaintiff's claim was tolled until March 2016 under the doctrine of fraudulent concealment or due to Plaintiff's incapacity, his claim would still be time-barred because it would have expired in March 2019—four years before Plaintiff first asserted his "breach of contract" claim in the present action.

For these reasons, we agree with the trial court's conclusion that Plaintiff's "breach of contract" claim was untimely when asserted in the present action in 2023.

### III. MOTION FOR LEAVE TO AMEND

Next, Plaintiff argues that the trial court should have allowed him to file an amended complaint because his amended claims would have been timely under the ten-year statute of limitations in Tennessee Code Annotated § 28-3-110(a)(1) for claims against public officers on their bonds.[3]

"[C]ourts are not required to grant a motion to amend if the amendment would be futile." *Runions*, 549 S.W.3d at 84–85. An amendment would be futile when, *inter alia*, the amended claims "cannot withstand a motion to dismiss for failure to state a claim." *Robinson v. City of Clarksville*, 673 S.W.3d 556, 578 (Tenn. Ct. App. 2023). A complaint fails to state a claim when, *inter alia*, the claim is barred by the applicable statute of limitations. *See Young ex rel. Young v. Kennedy*, 429 S.W.3d 536, 546 (Tenn. Ct. App. 2013) ("[C]ourts of this State have consistently referred to a motion to dismiss based on the expiration of the statute of limitations as being a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12.02(6)."). Thus, when a court denies a motion for leave to amend on the ground of futility for failure to state a claim, we review the decision under the standard of review applicable to rulings on motions to dismiss. *See Robinson*, 673 S.W.3d at 578–80. And as stated, "[i]n reviewing a dismissal based on expiration of the statute of limitations, we must consider three elements—the length of the limitations period, the accrual of the cause of action, and the applicability of any tolling doctrines." *Walker*, 542 S.W.3d at 494 (citing *Redwing*, 363 S.W.3d at 456).

Plaintiff's Amended Complaint alleged claims for breach of contract, "waste and failure to act in good faith," and conspiracy. "[W]hen a complaint alleges more than one claim[,] . . . a court must identify the gravamen of each claim alleged to determine the applicable statute of limitations. Identifying the gravamen of a claim requires a court to consider both the legal basis of the claim and the injury for which damages are sought." *Benz-Elliott*, 456 S.W.3d 140, 141 (Tenn. 2015).

We conclude that the gravamen of Plaintiff's amended claims is breach of trust. Plaintiff's Amended Complaint alleged in material part:

---

[3] Plaintiff also argues that the trial court did not give him adequate time to amend his complaint. We decline to address this issue because Plaintiff did not seek a continuance. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief to be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of the error.").

29. All Defendants are liable for breach of contract. As described in the preceding paragraphs, both [Regions] and [Mr. Castellarin] violated the contractual terms that established the trusts. Plaintiff was damaged by these breaches.

28. Defendants are liable for waste and failure to act in good faith. Regions through its agents mismanaged the trusts causing one of them to lose over $671,000 (over 50%) of its value and then did unwarranted encroachments into the trust. Then, rather then [sic] tell Plaintiff that he had to slow down his spending because his trusts had been devalued by their mismanagement, Regions *increased* his monthly disbursements by over 100% and went on a wanton encroachment spree. Remainder trustee Michael Castellarin failed to disclose Regions [sic] mismanagement and instead encouraged Plaintiff to allow Regions to continue managing the assets and then continued the unwarranted encroachments ultimately leaving Plaintiff destitute despite the trust documents providing for him to have a specific sum of money at age 65.

30. Conspiracy between Regions and the remainder Trustee, Michael Castellarin, are shown communications between Mr. Castellarin and Paul Gaddis (Exhibit 1) where they conspired to continue to violate the terms of the trust, cover up the mismanagement of Regions even after Regions resigned as trustee.

(Emphasis in original).

In essence, Plaintiff's Amended Complaint asserted the same allegations as before: that the Regions Defendants and Mr. Castellarin violated their duties to Plaintiff under the trust agreements. Again, "[a] violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." Tenn. Code Ann. § 35-15-1001(a). As we have already explained, any claim for breach of trust expired, at latest, in September 2018, and Plaintiff's claims were not saved by Tennessee Code Annotated § 28-1-105. Accordingly, we agree with the trial court's conclusion that Plaintiff's amendment would have been futile.[4]

### IV. Frivolous Appeal

As a final matter, the Regions Defendants and Mr. Castellarin ask for an award for their appellate attorney's fees and costs under Tennessee Code Annotated § 27-1-122. Plaintiff argues that the request should be denied because he raised several novel issues on

---

[4] Plaintiff also contends that the trial court erred by denying his Motion to Alter or Amend. We pretermit this issue because Plaintiff sought alteration or amendment on the same grounds as he sought leave to amend the complaint.

appeal. *See Hunt v. Shaw*, 946 S.W.2d 306, 309 (Tenn. Ct. App. 1996) (finding appeal was not frivolous when there was a valid issue that did not "appear to have been previously addressed on facts similar to those presented").

Tennessee Code Annotated § 27-1-122 provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.

"Whether to award damages due to a frivolous appeal is a discretionary decision by the appellate court." *White v. Hayes*, 715 S.W.3d 657, 672 (Tenn. Ct. App. 2024) (citing *Young v. Barrow*, 130 S.W.3d 59, 66–67 (Tenn. Ct. App. 2003)). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Chambless v. Rutledge*, 699 S.W.3d 913, 928 (Tenn. Ct. App. 2024) (quoting *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005)).

Having considered the issues raised and legal arguments presented by Plaintiff, as well as the arguments presented by the defendants, we find this appeal so devoid of merit that it constitutes a frivolous appeal. Thus, we award the Regions Defendants and Mr. Castellarin damages against Plaintiff under Tennessee Code Annotated § 27-1-122, including reasonable and necessary attorney's fees and expenses, to be determined by the trial court on remand.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded for further proceedings consistent with this decision including the calculation of damages arising from Mr. Meersman's frivolous appeal. Costs of appeal are assessed against Joseph Peter Meersman, Jr.

_____
FRANK G. CLEMENT JR., P.J., M.S.